485 A.2d 1010

**FORD MOTOR CREDIT COMPANY**

**v.**

**Gene R. EDWARDS, Jr.**

**No. 71, Sept. Term, 1984.**

Court of Appeals of Maryland.

Jan. 4, 1985.

Robert J. Thieblot, Baltimore (Anthony W. Ryan and Allen, Thieblot & Alexander, Baltimore, on brief), for appellant.

No brief filed by appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

HIGINBOTHOM, Judge.

In this case a writ of certiorari was granted to review a judgment of the Circuit Court for Baltimore County which affirmed a decision of the District Court of Maryland, sitting in Baltimore County. The petition for the writ alleged that the decision of the Circuit Court for Baltimore County was in conflict with decisions of other jurisdictions which had considered the same issue.

The issue presented is whether the notice to be given to the debtor where repossessed property is to be sold is that provided for by the Retail Installment Sales Act (RISA) or that found in the Uniform Commercial Code [1] (UCC), where the repossessed property constitutes goods as defined in the RISA.

## Statement of Facts

The appellee, Gene R. Edwards, Jr., entered into a contract on January 31, 1981 to buy a 1978 Ford Thunderbird automobile from Monarch Lincoln Mercury, Inc. Edwards executed a "Maryland Automobile Retail Installment Contract" prepared by Monarch, which was assigned to Ford Motor Credit Company. That contract required monthly payments of $179.81 for thirty-six months, beginning on March 1, 1981.

Edwards defaulted on his payments, and on October 16, 1981 he surrendered the vehicle to Ford Credit. Ford Credit sent to Edwards a "Notice of Repossession and Right to Redeem or Re-instate". Edwards did neither, and the car was sold by public auction on November 14, 1981.

---

**1.** The case of *Kennard et ux v. Reliance, Inc. d/b/a Raub Credit Corporation,* 257 Md. 654, 264 A.2d 832 (1970) referred to the relationship of the UCC and the RISA, but under the specific facts and posture of that case the Court held that it was not obliged to determine just how the UCC and the RISA may or may not fit together. The Attorney General, in 63 Op.A.G. 92 (1978), took the position that Title 9 of the UCC does not apply to any of the transactions falling within § 12–626 and 12–627 of RISA, in the event of a conflict between these sections and Title 9.

There was a resulting deficiency, for which Ford Credit sued in the District Court of Maryland, sitting in Baltimore County. From a judgment in favor of Edwards, an appeal was taken to the Circuit Court for Baltimore County. That court, by an opinion and order filed on March 13, 1984, affirmed the decision of the District Court.

The agreement entered into between the parties contained the following terms, among others:

"(13) Security Interest: The Buyer gives the creditor a security interest under the Uniform Commercial Code in the Vehicle, in all money or goods received for the Vehicle and in all insurance charges financed for the Buyer. This secures the payment of the monthly payments and all other amounts the Buyer now or later owes on this contract. It also secures the Buyer's other agreements in this contract.

"(16) Default: If the Buyer fails to make any payment when it is due, or if he fails to keep any other agreement in this contract, the Creditor may do either or both of the following:

"a. Acceleration of Payments: The Creditor may require the Buyer to pay at once all remaining payments. The Buyer will receive a prepayment rebate as explained above when he pays.

"b. Repossession: The Creditor may repossess the Vehicle. The Creditor may also take goods found in or on the Vehicle and hold them for the Buyer. If the Vehicle is taken back, the Creditor will send a notice to the Buyer. The notice will state that the Buyer may redeem (buy back) the Vehicle. It will also show the amount needed to redeem. The Buyer may redeem the Vehicle up to the time the Creditor sells it or agrees to sell it. If the Buyer does not redeem the Vehicle, it will be sold.

The money from the sale, less allowed expenses, will be used to pay the amount still owed on this contract. Allowed expenses are those paid as a direct result of having to retake the Vehicle, hold it, prepare it for sale

and sell it. Lawyers' fees and legal costs are allowed too. If there is any money left (a surplus), it will be paid to the Buyer. If the money from the sale is not enough to pay off this contract and costs, the Buyer will pay what is still owed to the Creditor, if allowed by law."

*Discussion*

In its decision, the Circuit Court for Baltimore County determined that Ford Credit had the responsibility to comply with the provisions of the UCC with regard to repossession, redemption and sale of the collateral. There was no notification of the time, date and place of the auction sale given to Edwards, which would have been required if the provisions of the UCC were applicable, and for that reason the court found that failure to give this notice precluded the assessment or collection of a deficiency judgment.

The notice sent to Edwards told him where the property was located, the amount necessary to reinstate the contract if he elected to do so, and the amount required to redeem the property. It further informed Edwards that the property would not be sold until fifteen (15) days after the date he received the notice. The notice did advise Edwards that the property would be sold at private sale, but did not state the date, time and place of sale.

The vehicle sold to Edwards constituted "goods" as defined in § 12–601(j) of the RISA, because it was tangible personal property with a value of less than $12,500.00, the limit established by the RISA at the time of this transaction. The seller retained a security interest as defined in § 12–601(r). The transaction was subject to the provisions of the RISA, because the security interest was retained by the seller, who then assigned to a third party.

Because the security agreement executed by the parties referred in Paragraph 13 to the UCC, the court below determined that this had the effect of incorporating the notice provisions of § 9–504(3) of the UCC into the agreement. These notice provisions were admittedly not com-

plied with, as there was no notice of the time, place and date of sale. The provisions of § 9–203(4) [2] of the UCC specifically provide that in the event of conflict between the UCC and certain other statutes, including the RISA, the provisions of such statute control.

The debtor is entitled to a public sale only if he has paid at least 50% of the cash price and, within the fifteen day period provided in the notice under § 12–625(a), requests in writing that a public sale be held. Only in that event is he entitled to a notice of the time, date and place of sale. Otherwise, he receives the notice required by § 12–624(d). [3] In this case 50% had not been paid.

§ 12–625(b) of the RISA gives the debtor the right to redeem the goods for a period of fifteen days after receipt of the notice required by § 12–624(d). The contract between the parties, in Paragraph 16b, extended this right until the time the creditor sells or agrees to sell the vehicle. The notice sent by Ford Credit to Edwards complied with the agreement between the parties. The extension of the time for redemption does not, of itself, require a notice of

---

**2.** Maryland Code (1975, 1980 Cum.Supp.), § 9–203(4) of the Commercial Law Article, provided:

"(4) A transaction, although subject to this title, may also be subject to other statutes regulating loans and retail installment sales, such as Title 12, subtitles 2, 3 and 6 of this article and the like, and in the case of conflict between the provisions of this title and any such statutes, the provisions of such statute control. Failure to comply with any applicable statute has only the effect which is specified therein."

**3.** Maryland Code (1975, 1977 Cum.Supp.), § 12–624(d) of the Commercial Law Article, in effect at the time of this sale, provided:

"(d) Required notice after repossession.—Within five days after he repossesses the goods, the holder shall deliver to the buyer personally or send to him at his last known address by registered or certified mail, a written notice which briefly states:

"(1) The right of the buyer to redeem the goods, and the amount payable for them;

"(2) The rights of the buyer as to a resale, and his liability for a deficiency; and

"(3) The exact location where the goods are stored and the address where any payment is to be made or notice delivered."

the time, date and place of sale. It does not assure the debtor that he will redeem, but gives him an opportunity to do so if he exercises his right before sale. Whether he has fifteen days, per the terms of RISA, or a longer time because of the particular contract terms, he still receives the notice provided for by § 12–624(d).

The trial court held that the reference to the UCC in Paragraph 13 had the effect of incorporating the entire UCC into the contract between the parties. The contents of Paragraph 16 tend to show a contrary intention, as the notice required paraphrases the language of § 12–624(d). The period for redemption was extended to the time of sale or agreement to sell, as noted previously, but otherwise the notice provisions of the contract paralleled the RISA, and not the UCC.

### Conclusion

■ We hold that the provisions of the RISA apply to a transaction wherein a seller retains a security interest in property which constitutes goods as defined in the RISA. The mere reference in such a security agreement, in Paragraph 13, to a security interest under the UCC does not incorporate the notice provisions of the UCC, especially where the actual notice provisions of the contract are to the contrary. § 12–601(r) describes a security interest by referring to the definition in § 1–201(37), which is within the UCC. The reference to the UCC in Paragraph 13 is descriptive only, and does not incorporate the UCC notice requirements into the RISA. The court below was in error, therefore, in determining that the notices required by the UCC were applicable in this case.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY WITH DIRECTIONS TO REMAND CASE TO THE DISTRICT COURT OF MARYLAND, SITTING IN BALTIMORE COUNTY, FOR ENTRY OF JUDGMENT IN FAVOR OF FORD MOTOR CREDIT COMPANY AGAINST GENE R. EDWARDS, JR. FOR $1,707.71, ATTORNEY'S FEES OF

$256.16, AND COSTS.   COSTS TO BE PAID BY APPEL-
LEE.